# RE APPLICATION OF ANGEL SANTI.

San Juan, Naturalization, No. 415.

AS TO OATH OF ALLEGIANCE UNDER JONES ACT.

Oath of Allegiance—Jones Act—Soldier.
 Where a man has joined the French Army he cannot be declared an American citizen under § 5 of the Jones Act, which requires residence in Porto Rico, even although he be in Porto Rico on furlough.

Opinion filed July 31, 1917.

*Mr. O. B. Frazer* for petitioner.

Re Santi.

HAMILTON, Judge, delivered the following opinion:

The application of the petitioner shows that he was born in Porto Rico of alien parents and has always considered Porto Rico his home. From time to time he would go abroad on business, but returning to Porto Rico. About three years ago, it seems he was in France,—his father being a Frenchman; and while there applicant joined the French Army, and has since been fighting in the war now raging. He is at present back in Porto Rico on a furlough, which has almost expired. Under these circumstances he makes application to take the oath of allegiance to the United States under § 5 of the Act of March 2, 1917, commonly called the Jones Act. The proceeding under this section requires three things,—that is, birth in Porto Rico, second alienage of parents, and third permanent residence in Porto Rico. All these qualifications are fulfilled in the present case except that of permanent residence.

It is argued that an American citizen may fight in the French Army, and that in fact many are doing so; and that making the petitioner an American citizen will not prevent his continuing to fight on the French side, as is his right under the circumstances. It may well be that there would be no international complication, but, on the other hand, there certainly might be if this court undertook to declare a French soldier of French parentage to be an American citizen, and thus with the right to join the American Army in France. But this is not the controlling point in the mind of the court. The provisions of § 5 are remedial, but even remedial statutes must receive reasonable construction. It cannot be said that a man is a permanent resident of Porto Rico if he has enlisted for a war of indefinite

Re Santi.

duration in Europe, and has been there for over three years. It may be a case in which Congress would be willing to act and declare such persons entitled to take the oath of allegiance; but at all events it is not a case in which Congress has acted. It is otherwise a political, not a judicial, question. It cannot be said that such a person is permanently residing in Porto Rico. This refers to a fact, not to a legal theory on the subject of domicil. If one is living in France he cannot be residing permanently in Porto Rico.

The court therefore feels constrained to refuse the application, and it is so ordered.